UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COREY MITCHELL,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>R. ST. ANDRE, et al.,<br><br>　　　　　Defendants. | No.  2:24-cv-1506 CKD P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983 against employees of the California Department of Corrections and Rehabilitation (CDCR). This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff has paid the filing fee.

1. Screening

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

Plaintiff has filed three separate pleadings.  Because the filing of an amended pleading supersedes prior pleadings, see Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967), the court will

1   screen the latest pleading filed, plaintiff's July 11, 2024, second amended complaint, and the two
2   prior pleadings will be dismissed.

3       Having reviewed plaintiff's second amended complaint, the court finds that it fails to state
4   a claim upon which relief can be granted under federal law.  Plaintiff's second amended
5   complaint must also be dismissed.  The court will, however, grant leave to file a third amended
6   complaint.

7       In his first claim, plaintiff asserts he has been subjected to cruel and unusual punishment
8   in violation of the Eighth Amendment.  A violation of the Eighth Amendment occurs if an inmate
9   suffers injury as a result of a correctional official's deliberate indifference to a substantial risk of
10  serious physical harm.  Farmer v. Brennan, 511 U.S. 825, 834 (1994).  In his second amended
11  complaint, plaintiff does not allege he was ever subjected to a substantial risk of serious physical
12  harm nor that he suffered any injury as a result of cruel and unusual punishment.  Plaintiff's
13  allegations mostly concern the manner in which prisoner disciplinary proceedings were carried
14  out.

15      In claim 2, plaintiff asserts his right to due process under the Fourteenth Amendment was
16  violated during prisoner disciplinary proceedings.  When prisoner disciplinary proceedings result
17  in the revocation of good conduct sentence credit, certain procedures are required under the
18  Fourteenth Amendment which include:

19      1.  Advance notice of the charges;

20      2.  An opportunity to present a defense;

21      3.  A written statement by the factfinder of the evidence relied upon and the reasons for
22  action taken; and

23      4.  That the decision by the factfinder be supported by some evidence in the record.
24  Superintendent v. Hill, 472 U.S. 445, 454 (1985).

25      Because plaintiff does not assert that he ever received a revocation of sentence credit, he
26  has not adequately pled the denial of due process.  In one instance, plaintiff alleges that a
27  disciplinary finding resulted in his being denied parole.  Apparently, plaintiff was found guilty of
28  misuse of state food.  Plaintiff asserts that this resulted in plaintiff being denied parole for three

years.  There are two problems with this claim.  First, plaintiff does not adequately explain how this one disciplinary proceeding resulted in plaintiff being denied parole as the Board of Parole Hearings considers numerous factors in determining whether to deny parole.  In California, parole decisions "shall" be based on "all relevant, reliable information" available to the Board, Cal. Code Regs. tit. 15, § 2281(b).  See id. (specifying multiple factors panel may consider).  See also Nettles v. Grounds, 830 F.3d 922, 935 (9th Cir. 2016) (noting that under California parole regulations, "the presence of a disciplinary infraction does not compel the denial of parole, nor does an absence of an infraction compel the grant of parole").  Plaintiff fails to point to anything which reasonably suggests that he was denied parole because of the disciplinary findings challenged.  Second, plaintiff appears to admit that he took milk from the dining hall in violation of regulations suggesting that even if plaintiff had been entitled to due process protections with respect to the challenged disciplinary proceedings, there was at least "some evidence" to support the finding.

With respect to claim 3, plaintiff asserts a denial of the First Amendment.  However, plaintiff fails to point to anything indicating he was denied his right to free speech in any actionable way, nor punished for protected conduct.  Plaintiff alleges he has been retaliated against by correctional officials.  Prison officials generally cannot retaliate against inmates for exercising First Amendment rights.  Rizzo v. Dawson, 778 F.2d 527, 531 (9th Cir. 1985). Because a prisoner's First Amendment rights are necessarily curtailed, however, a successful retaliation claim requires a finding that "the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals."  Id. at 532.  The plaintiff bears the burden of pleading and proving the absence of legitimate correctional goals for the conduct of which he complains.  Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995).  Also, to state a claim for retaliation, plaintiff must point to facts indicating a causal connection between the adverse action and the protected conduct.  Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012).  As pled, plaintiff does point to facts suggesting adverse action was taken against him for protected conduct.

Plaintiff also complains about being threatened by certain defendants. Plaintiff is informed

that mere threats do not amount to an actionable Eighth Amendment claim.  See Somers v. Thurman, 109 F.3d 614, 622 (9th Cir. 1997) ("the exchange of verbal insults between inmates and guards is a constant, daily ritual observed in this nation's prisons" of which "we do not approve," but which do not violate the Eighth Amendment); Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987) (per curiam) (it "trivializes the Eighth Amendment to believe a threat constitutes a constitutional wrong.").

Additionally, plaintiff complains about the manner in which a prisoner grievance was handled.  Plaintiff is informed that prisoners do not have "a separate constitutional entitlement to a specific prison grievance procedure."  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)).  Accordingly, the prison grievance procedure does not confer any substantive constitutional rights upon inmates and actions in reviewing and denying inmate appeals generally do not serve as a basis for liability under section 1983.  Id.

Further, plaintiff has improperly joined defendants and claims in his second amended complaint.  Under Rule 20 of the Federal Rules of Civil Procedure, plaintiff cannot bring unrelated claims against different defendants.  Simply put, plaintiff cannot join claims against defendant B that have nothing to do with those brought against defendant A.  An assertion that the defendants are all part of the same conspiracy (e.g. they are all part of the "green wall") does not satisfy the joinder requirements.

Many of the allegations in plaintiff's second amended complaint are vague.  If plaintiff chooses to file a third amended complaint, plaintiff must allege specific facts which demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Plaintiff must allege in specific terms how each named defendant is involved said deprivation.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Finally, plaintiff is informed that the court cannot refer to a prior pleading to make plaintiff's third amended complaint complete. Local Rule 220 requires that any amended complaint be complete in itself without reference to any prior pleading. This is because, as mentioned above, an amended complaint supersedes the original complaint. See Loux, 375 F.2d at 57.

2. Motion to Restrain Defendants from Destroying Evidence

Plaintiff asks that the court order defendants to refrain from destroying video evidence plaintiff believes is relevant to his denial of due process and retaliation claims. Because the court does not have jurisdiction over any defendant until they are served with process, and as plaintiff fails to point to anything indicating the court has any authority at this stage to enter the order requested, the motion will be denied.

3. Motion Concerning Prisoner Discipline

Plaintiff requests that the court order only persons above the rank of Captain be permitted to initiate prisoner disciplinary proceedings against plaintiff and generate "negative 128B Informative Chronos." Plaintiff alleges he is being targeted by defendants with Rules Violation Reports and the 128B Information Chronos in retaliation for plaintiff's "pursuit of justice and free speech." Again, the court does not have jurisdiction to enter such an order as no defendant has been served with process.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to file a second amended complaint (ECF No. 7) is granted. Plaintiff's complaint and amended complaint are dismissed.

2. Plaintiff's second amended complaint is also dismissed.

3. Plaintiff is granted thirty days from the date of service of this order to file a third amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The third amended complaint must bear the docket number assigned this case and must be labeled "Third Amended Complaint." Failure to file a third amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

4. Plaintiff's motion that defendants be restrained from destroying potential evidence (ECF No. 5) is denied.

5. Plaintiff's motion that the court enter an order that only persons above the rank of Captain are permitted to initiate prisoner disciplinary proceedings against plaintiff and generate "negative 128B Informative Chronos" (ECF No. 9) is denied.

Dated: October 1, 2024

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
mitc1506.14