UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COREY MITCHELL, | No. 2:24-cv-1506 CKD P |
| Plaintiff, | |
| v. | ORDER and FINDINGS & RECOMMENDATIONS |
| R. ST. ANDRE, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983 against employees of the California Department of Corrections and Rehabilitation. On October 1, 2024, plaintiff's complaint, amended complaint, and second amended complaint were dismissed with leave to file a third amended complaint. Plaintiff has filed a third amended complaint.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

Plaintiff asserts that his right to due process under the Fourteenth Amendment was violated during prisoner disciplinary proceedings which resulted in plaintiff being found guilty of

1

"misuse of food" by taking milk from the dining hall to his cell.  Plaintiff does not deny that he took milk from the dining hall.

The only injury plaintiff claims as a result of this finding is that it caused him to be denied parole for three years at his first parole hearing held April 26, 2024.  Plaintiff alleges as follows:

> The [parole] commissioners lauded my rehabilitative efforts and expressed how close I was to earning a parole.  They however noted that when they asked me about character defects, I named 'impulse control' as one of my past issues.  The commissioners felt that I still had work to do on this issue as evidenced by walking out [of] the dining hall with the milk.

ECF No. 12 at 6.

Here, nothing reasonably suggests that plaintiff was denied parole because of the result of the prisoner disciplinary proceedings at issue.  In California, parole decisions "shall" be based on "all relevant, reliable information" available to the California Board of Parole Hearings (BPH).  Cal. Code Regs. tit. 15, § 2281(b).  See id. (specifying multiple factors panel may consider).  See also Nettles v. Grounds, 830 F.3d 922, 935 (9th Cir. 2016) (noting that under California parole regulations, "the presence of a disciplinary infraction does not compel the denial of parole, nor does an absence of an infraction compel the grant of parole").  There is nothing before the court, including plaintiff's own allegations, which reasonably suggests that the BPH violated California law by not considering all information available to it.  It is also worth noting that plaintiff asserts that the BPH cited the fact that he walked out of the dining hall with milk which plaintiff admits doing, and not the fact that plaintiff was subjected to prisoner disciplinary proceedings because of that.

Because plaintiff fails to identify any actionable injury, plaintiff's third amended complaint must be dismissed.  The court does not grant leave to file a fourth amended complaint as it does not appear that plaintiff can, in good faith, state a claim upon which relief can be granted.

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court assign a district court judge to this case.

/////

2

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's third amended complaint be dismissed for failure to state a claim upon which relief can be granted; and

2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time waives the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  February 24, 2025

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
mitc1506.14